IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DUNG NGUYEN and LINH NGUYEN, | ) ) ) | |
| Plaintiffs, | ) ) | |
| -vs- | ) ) | No. 1:14-cv-01503 |
| MARY ALICE STROUD PATEK, JOHN PATEK, and GARRICK J. STROUD, | ) ) ) ) | |
| Defendants. | ) ) | Magistrate Judge Susan E. Cox |

PLAINTIFFS' MOTION FOR ENTRY OF CONSENT
DECREE IN THE FORM PROPOSED BY THE PLAINTIFFS

NOW COME the Plaintiffs, DUNG NGUYEN and LINH NGUYEN, by and through their attorney, JOANIE RAE WIMMER, and move this Court for entry of the consent decree in the form proposed by the Plaintiffs and attached hereto as Exhibit B, and, in support of said motion, allege and state as follows:

1. In this case, the Plaintiffs, DUNG NGUYEN and LINH NGUYEN, filed Plaintiffs' First Amended Complaint on July 5, 2014.

2. The Defendants, MARY ALICE STROUD PATEK, JOHN PATEK, and GARRICK J. STROUD, filed, on November 6, 2014, an answer and affirmative defenses to the Plaintiffs' First Amended Complaint.

3. The parties have exchanged Rule 26(a)(1) disclosures and written discovery.

4. On January 23, 2015, the parties participated in a settlement

conference before the Hon. Magistrate Judge Susan E. Cox, and at the conference a settlement was reached which contemplated the entry of a consent decree. The Court entered an order on January 23, 2015, requiring the parties to submit their consent decree on or before February 13, 2015.

5. The parties have been unable to agree on the form of the consent decree to be entered in this matter.

6. At the settlement conference, counsel for the parties filled out a Settlement Checklist/Term Sheet which set forth terms agreed to at the settlement conference. A true and correct copy of the Settlement Checklist/Term Sheet is attached hereto as Exhibit A.

7. The Settlement Checklist/Term Sheet provided, among other things, that the Court would retain jurisdiction to enforce the terms of the consent decree for three years, or until January 23, 2018, but that there would be a dismissal with prejudice upon entry of the consent decree.

8. In preparing the proposed consent decree, counsel for the Plaintiff determined that the provision of the negotiated settlement which would have the court retain jurisdiction to enforce the terms of the consent decree for three years, or until January 23, 2018, but which also provided for a dismissal with prejudice upon entry of the consent decree may have run afoul of the law of the Seventh Circuit. See generally *Dupuy v. McEwen*, 495 F.3d 807, 809 (7th Cir. 2007) ("when a suit is dismissed with prejudice, it is gone, and the district court cannot adjudicate disputes arising out of the settlement that led to the dismissal merely by stating that it is retaining jurisdiction").

9. In the *Dupuy* case, the Seventh Circuit made the following suggestion as to how, in a case in which the parties wish to have the court retain jurisdiction to enforce a settlement agreement, a defendant may be protected from a repeat suit by the plaintiff without a dismissal with prejudice:

> "The obvious alternative [to an immediate dismissal with prejudice], however, as suggested in *Shapo v. Engle, supra,* 463 F.3d at 646, is for the court to dismiss without prejudice but the parties to include in the settlement a release of the defendant (as was done here, making dismissal with prejudice redundant). That has the same effect as enabling a dismissal to be pleaded in a subsequent suit as res judicata, but avoids the paradox of dismissing a case with finality yet at the same time retaining it."

495 F.3d 807, 810.

10. The Plaintiffs prepared a proposed consent decree which provided for a release of claims as suggested in *Dupuy* and as set forth in the Settlement Checklist/Term Sheet, but which provided that "[t]he parties agree that the United States District Court for the Northern District of Illinois shall retain jurisdiction for the duration of this Consent Decree (until January 23, 2018) to enforce the terms of this Consent Decree, after which time the case shall be dismissed with prejudice." The Plaintiffs' attorney e-mailed the Plaintiffs' proposed consent decree to the Defendants' attorney on January 30, 2015. A true and correct copy of the Plaintiffs' proposed consent decree is attached hereto as Exhibit B.

11. The Defendants' attorney agreed to the incorporation of that language in the consent decree, but proposed other modifications to the Plaintiffs' proposed consent decree by e-mailing the Defendants' proposed consent decree to the Plaintiffs' attorney on February 6, 2015. A true and

correct copy of the Defendants' proposed consent decree is attached hereto as Exhibit C.

12. On February 11, 2015, counsel for the Plaintiffs had a telephone conversation with counsel for the Defendants in an attempt to resolve the differences in the two proposed consent decrees, but counsel were unable to resolve the dispute.

13. The sticking points between the parties include the following:

(1) The Defendants' proposed consent decree includes a "fee-shifting" provision pursuant to which, if a party brings a contempt petition against another party for violating the consent decree, and if the petition is denied, the party who brought the contempt petition shall be required to pay the other party's attorneys' fees. This provision was not discussed with the Plaintiffs' attorney at the settlement conference, was not agreed to, and is not mentioned in the Settlement Checklist/Term Sheet signed by counsel.

(2) The Settlement Checklist/Term Sheet provides for mutual release of "[a]ll claims raised in the litigation". The Plaintiffs' proposed consent decree followed this provision by including a mutual release whereby the Plaintiffs and the Defendants released each other from "all claims raised in the Litigation [Case No. 1:14-cv-01503] and all claims which could have been based on the allegations pleaded in the Plaintiffs' First Amended Complaint". The Defendants proposed consent decree broadened the scope of the release beyond what was agreed to in the Settlement Checklist/Term Sheet by including the language "all claims . . . which could have been based on the allegations, whether known or unknown, foreseen or unforeseen, pleaded in the Plaintiffs' First Amended Complaint". The Plaintiffs did not agree to release the Defendants from unknown claims or claims based on unknown allegations.

(3) In the Plaintiffs' proposed consent decree, the injunctive portion of the consent decree was introduced by the following language: "From the date of the entry of this decree until January 23, 2018, the parties to this case are enjoined as follows:". The Defendants' proposed consent decree substituted for the above language the following: "The parties further agree to stay away from each other, have no contact with one another, and shall cease

from any of the following activities:". This language of the Defendants' proposed consent decree is objectionable because it has no decretal language which may be enforced by contempt (it sets forth an alleged agreement of the parties but does not "enjoin" the parties from doing anything) and it includes restrictions to the parties' activities beyond what was agreed to at the settlement conference and included in the Settlement Checklist/Term Sheet.

(4) In the Defendants' proposed consent decree in paragraph IIC, the Defendants' included language "or near Defendants' door" which was not agreed to at the settlement conference, and was different from the language agreed to in the Settlement Checklist/Term Sheet.

14. Insofar as the differences between the proposed consent decrees are concerned, the Plaintiffs' proposed consent decree accurately sets forth what the parties agreed to, and the Defendants' proposed consent decree represents an over-reaching by the Defendants to include matters not agreed to at the settlement conference.

15. The Plaintiffs' proposed consent decree should be entered in this case.

WHEREFORE, for the above and foregoing reasons, the Plaintiffs, DUNG NGUYEN and LINH NGUYEN, respectfully request this Court to enter the Plaintiffs' proposed consent decree (Exhibit B hereto) as the consent decree in this matter, or, in the alternative, to grant the Plaintiffs and each of them, such other and further relief as is proper and just in the premises.

Respectfully submitted,

JOANIE RAE WIMMER
Attorney at Law
928 Warren Avenue  /s/ Joanie Rae Wimmer
Downers Grove, Illinois 60515  Joanie Rae Wimmer
(630) 810-0005
Attorney No. 3125600