# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DUNG NGUYEN and LINH NGUYEN, | ) ) ) | |
| Plaintiffs, | ) ) | |
| -vs- | ) ) | No. 1:14-cv-01503 |
| MARY ALICE STROUD PATEK, JOHN PATEK, and GARRICK J. STROUD, | ) ) ) ) ) | Magistrate Judge Susan E. Cox |
| Defendants. | ) | |

**CONSENT DECREE**

**I. Factual Background.**

The Plaintiffs, DUNG NGUYEN and LINH NGUYEN filed this action against the Defendants, MARY ALICE STROUD PATEK, JOHN PATEK, and GARRICK J. STROUD. The Plaintiffs and the Defendants are next door neighbors in the City of Countryside, Illinois. The Plaintiffs are naturalized United States citizens who were born in Vietnam and are of the Asian race. The Plaintiffs own and reside with other members of their family in a single family home on the property commonly known as 5433 South Eighth Avenue, Countryside, Illinois 60525. The Defendants are of the Caucasian race. The Defendants reside next door in a single family home on the property commonly known as 5431 South Eighth Avenue, Countryside, Illinois 60525.

Pending before the Court is the Plaintiffs' First Amended Complaint which consists of two counts. Count I was brought on behalf of both Plaintiffs

and against all of the Defendants and sets forth a claim under 42 U.S.C. §1982. The claim alleges that the Defendants have repeatedly harassed the Plaintiffs and others in their household with the goal of intimidating them in the use or occupancy of their property on account of the Plaintiffs' race. In count I, the Plaintiffs allege that, as a result of the harassment, the Plaintiffs have been unable to enjoy their property as they otherwise would have, and often stay inside to avoid confrontation and harassment by the Defendants. The Plaintiffs allege that, because of the harassment, they are unable to invite friends over to their house for outdoor activities. The Plaintiffs allege that the harassment by the Defendants caused them mental pain and suffering. In count I, the Plaintiffs seek monetary damages as well as an injunction preventing the Defendants from further acts of harassment. Count II was brought by both Plaintiffs against all Defendants and sets forth a claim under 42 U.S.C. §§3604 and 3617. The essence of the claim is the same as count I, and the same relief is sought.

    The Defendants moved to dismiss the Plaintiffs' First Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(6). The matter was briefed, and on October 16, 2014, the Hon. Gary Feinerman entered a Memorandum Opinion and Order which denied the Defendants' motion to dismiss and concluded that the Plaintiffs' First Amended Complaint stated claims upon which relief can be granted.

    The Defendants then filed Defendants' Answer And Affirmative Defenses To Plaintiffs' First Amended Complaint. In their answer, the Defendants denied

that they harassed the Plaintiffs.  The parties have exchanged initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1), and responded to written discovery.

On January 23, 2015, a settlement conference was held.  The conference was attended by both Plaintiffs, in person and by counsel, and all Defendants, in person and by counsel.  As a result of the settlement conference, the parties have agreed that in order to avoid protracted and costly litigation, the controversies should be resolved without further litigation.  Therefore, without a trial or adjudication of any of the facts alleged in the pleadings, the parties consent to the entry of this Consent Decree.

**II.  Monetary and Injunctive Relief.**

On or before the thirtieth day following the entry of this Consent Decree, the Defendants shall pay to the Plaintiffs and their attorney the sum of $6,500.00 by certified or cashier's check made payable to "Dung Nguyen and Linh Nguyen, and their attorney, Joanie Rae Wimmer," and mailed to Ms. Joanie Rae Wimmer, Attorney at Law, 928 Warren Avenue, Downers Grove, Illinois  60515.

From the date of the entry of this decree until January 23, 2018, the parties to this case are enjoined as follows:

A.  No Plaintiffs shall go onto the Defendants' property at 5431 South Eight Avenue, Countryside, Illinois  60525.

B.  No Defendant shall go onto the Plaintiffs' property at 5433 South Eight Avenue, Countryside, Illinois  60525.

C. No Plaintiff shall communicate with, gesture at, or blow a horn at any Defendant.

D. No Defendant shall communicate with, gesture at, or blow a horn at any Plaintiff.

E. The Defendants and the Plaintiffs shall remove signs from their respective properties with the exception of "For Sale" signs relating to their own property.

**IV. Enforcement.**

If any party believes that the requirements of this Consent Decree have been violated, he or she may file a petition for rule to show cause, which will trigger a referral to mediation with the Center For Conflict Resolution ("CCR"), 11 East Adams Street, Suite 500, Chicago, Illinois 60603. If the matter is not resolved by mediation with the CCR, the complaining party shall inform the Court, and the petition for rule to show cause shall be litigated before the Court.

**V. Releases and Dismissal.**

The parties have consented to the entry of this Consent Decree as indicated by the signatures of their counsel below. This Consent Decree is effective immediately upon its entry by the Court.

The parties agree that the United States District Court for the Northern District of Illinois shall retain jurisdiction for the duration of this Consent Decree (until January 23, 2018) to enforce the terms of this Consent Decree, after which time the case shall be dismissed with prejudice.

The parties shall execute the mutual releases set forth on Appendix A hereto, which releases are effective immediately upon the entry of this Consent Decree.

Ordered this \_\_\_\_\_ day of _____, 2015.

_____
Magistrate Judge Susan E. Cox

Consenting to the entry of this
Consent Decree for all Plaintiffs:    _____
Joanie Rae Wimmer

Consenting to the entry of this
Consent Decree for all Defendants    _____
Brett Adam Kaufman

APPENDIX A

MUTUAL RELEASE

In consideration of the mutual undertakings set forth in the Consent Decree entered in the United States District Court, Northern District of Illinois, Eastern Division in *Dung Nguyen, et al. v. Mary Alice Stroud Patek, et al.*, Case No. 1:14-cv-01503 (hereinafter said case shall be referred to as "the Litigation"), each of the Plaintiffs, Dung Nguyen and Linh Nguyen, on behalf of themselves and their heirs, successors, and assigns, does hereby release and forever discharge each of the Defendants, Mary Alice Stroud Patek, John Patek, and Garrick J. Stroud, of and from all claims raised in the Litigation and all claims which could have been based on the allegations pleaded in the Plaintiffs' First Amended Complaint, and each of the Defendants, Mary Alice Stroud Patek, John Patek, and Garrick J. Stroud, does hereby release and forever discharge each of the Plaintiffs, Dung Nguyen and Linh Nguyen, of and from all claims raised in the litigation and all claims that could have been based on the allegations pleaded in the Plaintiffs' First Amended Complaint.

Date: _____ _____
Dung Nguyen

Date: _____ _____
Linh Nguyen

Date: _____ _____
Mary Alice Stroud Patek

Date: _____ _____
John Patek

Date: _____ _____
Garrick J. Stroud