# Exhibit C

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DUNG NGUYEN and LINH NGUYEN, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 14 cv 01503 |
| | ) | |
| vs. | ) | |
| | ) | |
| MARY ALICE STROUD PATEK, JOHN PATEK, and GARRICK J. STROUD, | ) ) ) | District Judge Gary Feinerman |
| | ) | Magistrate Judge Susan E. Cox |
| Defendants. | ) | |

**CONSENT DECREE**

**I. Factual Background**

The Plaintiffs, DUNG NGUYEN and LINH NGUYEN filed this action against the Defendants, MARY ALICE STROUD PATEK, JOHN PATEK, and GARRICK J. STROUD. Plaintiffs' First Amended Complaint consists of two counts. Count I was brought on behalf of both Plaintiffs and against all of the Defendants and sets forth a claim under 42 U.S.C. §1982. Count II was brought by both Plaintiffs against all Defendants and sets forth a claim under 42 U.S.C. §§3604 and 3617.

The Defendants moved to dismiss the Plaintiffs' First Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(6). The matter was briefed, and on October 16, 2014, the Hon. Gary Feinerman entered a Memorandum Opinion and Order which denied the Defendants' motion to dismiss.

The Defendants' then filed an Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint. In their answer, the Defendants denied all of the allegations Plaintiffs' alleged in their First Amended Complaint.

1

On January 23, 2015, a settlement conference was held. The conference was attended by both Plaintiffs, in person and by counsel, and all Defendants, in person and by counsel. As a result of the settlement conference, the parties have agreed that in order to avoid protracted and costly litigation, the controversies should be resolved without further litigation. Therefore, without a trial or adjudication of any of the facts alleged in the pleadings, the parties consent to the entry of this Consent Decree. The parties further agree that this settlement agreement, including the Consent Decree and any payment of settlement proceeds shall in no way be construed as an admission of liability on any Defendant and any such liability is expressly denied.

## II. Monetary and Injunctive Relief.

On or before the thirtieth day following the entry of this Consent Decree, the Defendants shall pay to the Plaintiffs and their attorney the sum of $6,500.00 by certified check, cashier's check or attorney/client escrow check made payable to "Dung Nguyen and Linh Nguyen, and their attorney, Joanie Rae Wimmer," and mailed to Ms. Joanie Rae Wimmer, Attorney at Law, 928 Warren Avenue, Downers Grove, Illinois 60515.

The parties further agree to stay away from each other, have no contact with one another, and shall cease from any of the following activities:

    A. No Plaintiffs shall go onto the Defendants' property at 5431 South Eight Avenue, Countryside, Illinois 60525.

    B. No Defendant shall go onto the Plaintiffs' property at 5433 South Eight Avenue, Countryside, Illinois 60525.

    C. No Plaintiff shall communicate with, gesture at, or blow a horn at any Defendant or near Defendants' door.

    D. No Defendant shall communicate with, gesture at, or blow a horn at any Plaintiff.

E. The Defendants and the Plaintiffs shall remove signs from their respective properties with the exception of "For Sale" signs relating to their own property.

**III. Enforcement.**

If any party believes that the requirements of this Consent Decree have been violated, he or she may file a petition for rule to show cause, which will trigger a referral to mediation with the Center for Conflict Resolution ("CCR"), 11 East Adams Street, Suite 500, Chicago, Illinois 60603. If the matter is not resolved by mediation with the CCR, the complaining party shall inform the Court, and the petition for rule to show cause shall be litigated before the Court. In the event the Court is required to rule upon the petition and said petition is denied by the Court, the party filing said petition will be responsible for all of the other parties' attorneys' fees and costs.

**IV. Releases and Dismissal.**

The parties have consented to the entry of this Consent Decree as indicated by the signatures of their counsel below. This Consent Decree is effective immediately upon its entry by the Court.

The parties agree that the United States District Court for the Northern District of Illinois shall retain jurisdiction for the duration of this Consent Decree (until January 23, 2018) to enforce the terms of this Consent Decree, after which time the case shall be dismissed with prejudice.

The parties shall execute the mutual releases set forth on Appendix A hereto, which releases are effective immediately upon the entry of this Consent Decree.

Ordered this _____ day of _____, 2015.

_____
Magistrate Judge Susan E. Cox

Consenting to the entry of this
Consent Decree for all Plaintiffs:      _____
                                        Joanie Rae Wimmer

Consenting to the entry of this
Consent Decree for all Defendants       _____
                                        Brett Adam Kaufman

4

# APPENDIX A

## **MUTUAL RELEASE**

In consideration of the mutual undertakings set forth in the Consent Decree entered in the United States District Court, Northern District of Illinois, Eastern Division in Dung Nguyen, et al. v. Mary Alice Stroud Patek, et al., Case No. 1:14-cv-01503 (hereinafter said case shall be referred to as "the Litigation"), each of the Plaintiffs, Dung Nguyen and Linh Nguyen, on behalf of themselves and their heirs, successors, and assigns, does hereby release and forever discharge each of the Defendants, Mary Alice Stroud Patek, John Patek, and Garrick J. Stroud, of and from any and all claims, demands and/or causes of actions raised in the Litigation and any and all claims, demands and/or causes of actions which could have been based on the allegations, whether known or unknown, foreseen or unforeseen, pleaded in the Plaintiffs' First Amended Complaint, and each of the Defendants, Mary Alice Stroud Patek, John Patek, and Garrick J. Stroud, does hereby release and forever discharge each of the Plaintiffs, Dung Nguyen and Linh Nguyen, of and from all claims raised in the litigation and all claims that could have been based on the allegations pleaded in the Plaintiffs' First Amended Complaint.

Date: _____  _____
Dung Nguyen

Date: _____  _____
Linh Nguyen

Date: _____  _____
Mary Alice Stroud Patek

Date: _____  _____
John Patek

Date: _____  _____
Garrick J. Stroud